MEYER, Respondent, v. BURMEISTER, Appellant.
(136 N. W. 1126.)

**1. Brokers—Commission—Contractual Relation—Evidence.**

Evidence held not to show any contractual relation, express or implied, between plaintiff and defendant for a division between them of commissions, or to any commission to respondent as sub-agent of appellant, for procuring a purchaser of real estate; and, there being a total lack of such evidence, judgment in plaintiff's favor is reversed.

**2. Brokers—Evidence of Sub-Agency.**

The fact that defendant referred to plaintiff as the agent in connection with a land sale, in a conversation after the sale was closed, at a time when defendant understood that plaintiff was to receive something out of the deal, has no tendency to establish an express or implied contract between them that plaintiff shall share in commissions received by defendant.

(Opinion filed, June 25, 1912.)

Appeal from Circuit Court, Spink County. Hon. ALVA E. TAYLOR, Judge.

Action by Emil Meyer against G. F. Burmeister, to recover commissions on sale of land. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*Bruell & Morris,* for Appellant.

Implied agency and acceptance of benefits.

A mere showing that one has assumed to act as agent is not sufficient to establish the existence of the relation. It must be further proved that the alleged principal knew of the acts of the alleged agent and made no objection, or that the acts were so open and notorious that it might fairly be presumed that he knew of them. Vol. 2 Ency. of Law and Procedure, 829, and cases cited.

There were no benefits to accept in this case, and the defendant never attempted to or knowingly accepted any benefits or rewards earned by the plaintiff. Lang v. Kaiser, 34 Mich. 317.

The law will not imply a promise where the circumstances repel all implication of a promise in fact. Watson v. Stever, 25. Mich. 386; Moses v. Arnold, 43 Iowa, 187; Whiting v. Sullivan,. 7 Mass. 107; Earl v. Coburn, 130 Mass. 596.

It will be recalled that when Else spoke to Burmeister and told him that Meyer wanted Else to protect him for a commission, that Burmeister said he was not entitled to any commission, and that he had nothing to do with bringing up these parties. Burmeister evidently believed this, and this is the only opportunity or instance where the matter was presented to him in any form, and then he unequivocally denied any relationship of principal and agent with the plaintiff. Woods v. Ayers, 39 Mich. 345; Booker v. Booker, 70 N. E. 714 (Ill.).

An appointment of an agent presupposes an intelligent act on the part of the principal. There must be either an actual intention to appoint and an apparent intention naturally inferable from the words or actions of the alleged principal; otherwise, there is, in general, no agency. 2nd Ency. of Law and Proc., 803, and cases cited; Shaw v. Hall, 134 Mass. 104; Wilcox v. Eadie, 70 Pac. 339 (Kans.); First National Bank v. Free, 24 N. W. 566 (Ia.).

The courts generally are unanimous in holding to the rule that even where an agency is established; the scope and powers and authority of the agent must be distinct or express, or so general that the authority may be implied, and the courts guard this rule with jealous care, and are not inclined to recognize an agency where it is doubtful if one has been established, and are not inclined to recognize any authority of an agent except such as has been specifically expressed, or must naturally be implied from the authority given. This rule is well established in the following cases: Fay v. Sullens, 81 Pac. 426; Harris Bros. v. Reynolds,. 114 N. W. R. 369 (N. D.); see, also, Stewart v. Pickering, 35 N. W. R. 950; Lambert v. Gerner, 76 Pac. 53; Security Co. v. Graybeal, 52 N. W. R. 497.

*M. Moriarty,* for Respondent.

The defendant contends that there was no competent sufficient evidence offered and received at the close of plaintiff's case

in chief, to warrant the trial court in submitting the case to the jury. The court should have granted defendant's motion to direct the verdict. There was absolutely no evidence showing any contractual relation between plaintiff. and defendant. There was no relation of principal and agent. Meyer had not made himself known to the defendant in any capacity until the transaction was a matter of history.

An agent is one who represents another called a principal in dealings with third persons. Such representation is called agency. Civil Code, Section 1656.

Agency is a legal relation founded upon the express or implied contract of the parties; or created by law, by virtue of which one party is employed and authorized to represent and act for the other in business dealings with third persons. Mechem on Agency, Section 1; 2 Kent's Com., 784.

A mere showing that one has assumed an act as an agent is not sufficient to establish the existence of the relation. It must be further proved that the alleged principal knew of the acts of the alleged agent, and made no objections, or that the acts were so open and notorious that it might be fairly presumed that he knew of them. 2 Ency. of Law and Procedure, 829, and cases cited.

There was no intention to plead nor was there any effort to prove any express contract on the part of the defendant to pay plaintiff. for these services. Plaintiff's case was presented wholly on the theory that defendant knowingly availed himself of plaintiff's said services and is therefore liable for their reasonable value.

There is no question of agency involved in this action. Wherever the term "agent" appears in the record as having been used by any of the parties to the land deal, the term was evidently used in the common or layman's sense of the word, meaning one engaged in promoting the sale. It was never used in the legal sense of one who has authority to bind another by acts or representations in dealing with third parties.

There was no agency, but there was such appropriation of the labor and acceptance of the benefits as would bind the defendant

by implied contract to pay the value of the services. What evidence was before the court at the close of plaintiff's direct case?

As to plaintiff's instrumentality in procuring the purchasers:

1st. The evidence of the plaintiff shows that he solicited Steffen and Steinbeck in the later part of 1904. That they promised to come up with him and look at lands the next spring. The evidence of Steffen also shows the same facts.

2nd. That a sale was actually made to these men by the Else Land Company.

3rd. That the plaintiff did not intend his services to be gratuitous. That defendant knew the services were not intended to be gratuitous.

4th. That defendant knowing these facts accepted the benefits of plaintiff's services. That defendant was paid $633.00 as commission on 422 acres, a commission of $1.50 per acre. That this commission of $1.50 per acre was to be compensation for the services of defendant and those assisting him.

5th. That the value of a soliciting agent's services for producing purchasers is $1.00 per acre. The three quarters sold contained 422 acres. That sold to Burmeister contained 143.72 acres. This leaves a fraction over 278 acres in the quarters sold to Steffen and Steinbeck.

It is possible that the courts might hold that Else had paid the wrong man, so far as the soliciting agent's share is concerned, and that Else had a right of action to recover from Burmeister what he was overpaid. But the provision of our statute allows a direct action against the one who has accepted the benefits. And it is well that such is the case, as a jury might be loth to render a verdict against a man who had already made full payment to the one he thought to be entitled to it, and a just claim might thus be defeated.

McCOY, P. J. Plaintiff brought this action against defendant to recover commissions on the sale of a certain one-half section of land sold by or through A. E. Else & Sons of Doland, S. D., in 1905, to Steffen and Steinbeck. There was verdict and judgment in favor of plaintiff for $389.23. Defendant appeals, alleging insufficiency of the evidence to justify the verdict.

There is but very little conflict in the evidence. It appears that in the month of March, 1905, the plaintiff and defendant and Steffen and Steinbeck all resided in Scott county, Iowa, and were all contemplating a trip to South Dakota to purchase real estate. On March 15th defendant wrote Else & Sons that he had a good prospect to bring some land purchasers to South Dakota and that he would like to be appointed agent for Else & Sons and make some arrangement for commissions. On March 17th Else & Sons replied to defendant and stated to defendant that they would be glad to have defendant represent them as general agent for Scott county, and "we will allow you a commission of $1.50 per acre on all lands sold by you or through agents appointed in your county by you; this will give you 50 cents per acre on lands sold to your men through your agents and what business you can bring personally will net you a good big commission." On March 28th plaintiff also wrote Else & Sons that he had a little party of purchasers coming to Doland, and that he would like to be appointed agent for Else & Sons and make some arrangements as to commissions. On March 31st, Else & Sons replied to plaintiff stating: "We were pleased to hear you had a little party ready to come to Doland. We inclose you a map which will give you some information, and as regards commissions will say we will do the right thing by you and on your first deals made on this trip we will divide our commission with you, and afterwards we will make some satisfactory agreement." It appears that both plaintiff and defendant, prior to the writing of the foregoing letters, had been talking to Steffen and Steinbeck to induce them to go to Doland to purchase land; that both plaintiff and defendant accompanied them to Doland, plaintiff testifying that he presumed defendant was with them as a prospective purchaser of lands. It appears that neither plaintiff nor defendant prior to the making of said trip to Doland knew the other was agent for Else & Sons. Plaintiff testified that he had no talk with defendant concerning commissions. Defendant testified that prior to the sale of the lands to Steffen and Steinbeck he never had any conversation with plaintiff concerning land matters or the sale of lands, and that neither Steffen nor Steinbeck had mentioned the

fact to him that they had been talking with plaintiff concerning the sale of lands or concerning going to Dakota with plaintiff. Defendant testified that, after the sale of the land had been closed, he said to plaintiff that, as plaintiff was their agent, he ought to take them to Aberdeen and show them a good time; but at that time he had been informed that plaintiff was also to get a piece of money out of the deal. Else & Sons paid defendant $633 commissions on the sale to Steffen and Steinbeck, and refused to pay any commission to plaintiff. Whether plaintiff or defendant, or both of them, were entitled to commissions, is wholly immaterial to the consideration of the issues presented on this appeal.

[1] The vital question here is whether or not any ground for recovery by plaintiff against defendant is shown by the evidence. Respondent can only recover upon some express or implied contractual relation with defendant, the appellant. It is the contention of respondent that under the contract between Else & Sons and appellant, whereby appellant was to receive $1.50 per acre when he personally procured purchasers, and 50 cents per acre when lands were sold through subagents of appellant, the $1 per acre thereof going to the subagent as his commissions, that respondent was a subagent of appellant, and was so recognized by him, and that (appellant having received the full $1.50 per acre commission, plaintiff as his subagent was entitled to the $1 per acre. We are of the opinion that this contention of respondent is not sustained by the evidence, and that there is a total lack of evidence tending to show any express or implied contractual relation betwen plaintiff and defendant.

[2] The fact that defendant referred to plaintiff as the agent in a conversation after the transaction of the sale of the lands was closed, and at a time when defendant understood that plaintiff was to receive something out of the deal, has no tendency to establish either an express or implied contract between appellant and respondent.

Under the view we take of the case, it will be unnecessary to discuss other assignments of error.

The judgment and order appealed from are reversed, and the cause remanded.